UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT CARR, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:20-cv-03234-JRS-DML |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Robert Carr's petition for a writ of habeas corpus challenges his conviction in prison disciplinary case ISR 19-04-0051.[1] For the reasons explained in this Order, Mr. Carr's petition is **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the

---

[1] The Court notes that Mr. Carr did not cite a specific disciplinary case number in his habeas petition but referred to a conviction date for attempted escape on October 2, 2019. Dkt. 1. The respondent states that disciplinary case ISR 19-04-0051 is the only attempted escape conviction that Mr. Carr received, and it was on May 2, 2019. Dkt. 6 at 2 n.1 ("Because ISR 19-04-0051 is Carr's only attempted escape conviction and the restitution amount Carr mentions matches the restitution amount ordered in ISR 19-04-0051, Respondent assumes that this is the conviction Carr refers to in his petition."). *Id.* Mr. Carr did not file a reply to the respondent's return to order to show cause to argue otherwise. Thus, the Court considers Mr. Carr's conviction in ISR 19-04-0051 in its ruling on his petition in this action.

1

evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

### B. Disciplinary Proceeding

On April 1, 2019, Indiana Department of Correction (IDOC) Officer Dohray wrote a conduct report charging Mr. Carr with a violation of IDOC Adult Disciplinary Code A-111/108, attempting escape:

> On the above date [and] approximate time I officer Dohray was conducting a security shakedown belonging to offender Robert Carr #220503 when I discovered the ceiling had three distinct lines approximately 1/8" deep and another approximately 1/16" deep framing a large square approximately 36" in diameter on the ceiling.

Dkt. 6-1. Pictures were taken of the ceiling, and the cell was "shut down until further notice." *Id.*; dkt. 6-2.

Mr. Carr was notified of the charge, and he refused to be screened, on April 4, 2019. Dkt. 6-3. Mr. Carr asked for another staff member, Officer Shehata, but was notified that this officer was on vacation for several weeks. *Id.* Mr. Carr's hearing was twice postponed, once for caseload capacity, and then due to Mr. Carr's request for a continuance for new witnesses. Dkt. 6-4. Officer Shehata later provided a written statement that he had no knowledge about Mr. Carr or what happened on the date of the incident. Dkt. 6-6.

Mr. Carr's hearing was held on May 2, 2019, and he stated that the disciplinary charge did not apply because "[n]o one saw me try to escape. Been in there for like 2 months. Not fair for them to assume it was me." Dkt. 6-5. The disciplinary hearing officer (DHO) considered the physical evidence, specifically photographs, and reasoned that "[d]amage clearly done to cell. Admits to living in cell for 2+ months." *Id.* The DHO found Mr. Carr guilty, and his sanctions

included loss of earned credit time, a demotion in credit earning class, and restitution for the ceiling repair, among other losses of privileges. *Id.*

Mr. Carr's administrative appeals were unsuccessful. Dkt. 6-8; dkt. 6-9. He then filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1. The respondent filed a return to the Court's order to show cause. Dkt. 6. Mr. Carr did not file a reply.

### C. Analysis

Mr. Carr raises several grounds in his petition: (1) the facility did not conduct a cell inspection to ensure the cell was not damaged before he was assigned residence there, (2) there were no witnesses that saw Mr. Carr damage his cell, and (3) the restitution damages were harshly exaggerated. Dkt. 1. The Court construes these grounds as challenges to IDOC policy and procedures, whether there was sufficient evidence to support the charge, and whether the restitution imposed was excessive. *Id.* The Court addresses each ground, in turn.

#### 1. Departmental Policies

To the extent that Mr. Carr argues that his due process rights were violated because certain IDOC departmental policies were not followed—namely that officers did not inspect his cell to make note of previous damage before he resided there—his arguments fail. Prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780

3

(7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

Accordingly, Mr. Carr is not entitled to habeas relief on this ground.

### 2. Sufficiency of Evidence

Mr. Carr argues that no one saw him damage his cell, nor were any witness reports filed to that effect. Dkt. 1. He argues that many inmates inhabit various cells for short periods of time. The Court addresses these arguments as challenges to the sufficiency of the evidence to support the charge.

Courts may not reweigh evidence already presented at a prison disciplinary hearing. *Hill*, 472 U.S. at 455-56 (courts will not reweigh the evidence in prison disciplinary cases); *Scruggs*, 485 F.3d at 941 (same). Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The conduct report "alone" can "provide[ ] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

4

Nonetheless, in a safeguard against arbitrary revocation of an inmate's good-time credits, a court must "satisfy [itself] that the evidence the board did rely on presented 'sufficient indicia of reliability.'" *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). To challenge the reliability of evidence introduced during a prison disciplinary hearing, there must be "some affirmative indication that a mistake may have been made." *Webb v. Anderson*, 224 F.3d 649, 653 (7th Cir. 2000).

The IDOC Adult Disciplinary Code defines a violation of Code A-108, escape, in relevant part as: "Intentionally fleeing from lawful detention[.]" Dkt. 6-10 at 1. In Mr. Carr's case, he was charged with violating Code A-111, conspiracy/attempting/aiding or abetting, which is defined as: "Attempting by one's self or with another person or conspiring or aiding and abetting with another person to commit any Class A offense." *Id.* at 2.

Here, Mr. Carr does not dispute living in the damaged cell. Rather, he admits to living in the cell for a couple of months prior to the date the conduct report was written. Mr. Carr also does not dispute that there was damage to the ceiling of the cell. Here, the conduct report alone provides "some evidence" that "three distinct lines" were carved into the ceiling "framing a large square." Dkt. 6-1. The respondent argues that the presence of the square in the ceiling "was certainly large enough for a person to fit through, [and] the DHO could infer that the intent was to carve out a portion of the ceiling and escape." Dkt. 6 at 9. The Court finds the respondent's argument persuasive. Further, Mr. Carr argues that there were no witnesses to determine that he was the person responsible for making the carvings in the ceiling. But, witnesses are not required to establish sufficient evidence to meet the "some evidence" threshold. The DHO relied on the physical evidence and photographs of the damage to determine that Mr. Carr was guilty. Mr. Carr is asking the Court to accept his version of the events—that someone else who inhabited the cell

prior to him made the carvings. This is asking the Court to reweigh the evidence, something it cannot do.

Accordingly, Mr. Carr is not entitled to habeas relief on this ground.

### 3. Restitution Sanctions

Finally, Mr. Carr argues that the monetary sanction of $757.39 in restitution to pay for the damage to the ceiling was excessively harsh. Dkt. 1. The record contains an itemized account of the cost of the repair. Dkt. 6-7.

A habeas petition is not a proper vehicle to raise this issue, as a restitution sanction does not affect the duration of Mr. Carr's custody. The Fourteenth Amendment grants prisoners certain due process protections in disciplinary proceedings. *Hill*, 472 U.S. at 454; *see also Wolff*, 418 U.S. at 563-67. However, those protections apply only when the proceeding "deprive[s] the prisoner of a protected interest." *Tonn v. Dittmann*, 607 F. App'x 589, 590 (7th Cir. 2015) (citing *Hill*, 472 U.S. at 447).

Although due process "extends to protect the property interest that prisoners have in the cash of their personal accounts," a prisoner must challenge disciplinary proceedings that result in monetary penalties in a civil rights action, not a habeas corpus action. *Id.* at 590. If Mr. Carr wants to challenge the sanction of paying restitution, he must utilize the proper vehicle to do so by filing a civil rights action pursuant to 42 U.S.C. § 1983.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Carr to the relief he seeks.

Accordingly, Mr. Carr's petition for a writ of habeas corpus is **denied** and this action is **dismissed with prejudice**.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date:   11/2/2021

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ROBERT CARR
220503
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Monika P. Talbot
INDIANA ATTORNEY GENERAL
monika.talbot@atg.in.gov